No. 22-35050

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ENRIQUE JEVONS, as managing member of
Jevons Properties LLC, et al.,

*Plaintiffs-Appellants*,

v.

JAY INSLEE, in his official capacity as the Governor of the
State of Washington, ROBERT FERGUSON, in his official capacity
as the Attorney General of the State of Washington,

*Defendants-Appellees*.

On Appeal from the United States District Court for the
Eastern District of Washington, Case No. 1:20-cv-03182-SAB
The Honorable Stanley A. Bastian

# STATE DEFENDANTS-APPELLEES'
# REPLY IN SUPPORT OF MOTION TO DISMISS

ROBERT W. FERGUSON
Attorney General

CRISTINA SEPE, WSBA #53609
BRIAN H. ROWE, WSBA #56817
Assistant Attorneys General
JEFFREY T. EVEN, WSBA #20367
Deputy Solicitor General

800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Cristina.Sepe@atg.wa.gov
Brian.Rowe@atg.wa.gov
Jeffrey.Even@atg.wa.gov

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................1

II.   ARGUMENT .....................................................................1

    A.  The Landlords' Claims are Moot ................................................1

    B.  No Exception to Mootness Applies.............................................7

    C.  The Landlords Misstate the Effects of Proclamation 20-19 and
        Engrossed Second Substitute Senate Bill 5160.........................11

III.  CONCLUSION..................................................................12

# TABLE OF AUTHORITIES

## Cases

*36 Apt. Assocs., LLC v. Cuomo*,
   860 F. App'x 215 (2d Cir. 2021) .................................................. 4, 5

*Abdurrahman v. Dayton*,
   903 F.3d 813 (8th Cir. 2018) ........................................................ 10

*Bay Point Props., Inc. v. Miss. Transp. Comm'n*,
   937 F.3d 454 (5th Cir. 2019) .......................................................... 3

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
   941 F.3d 1195 (9th Cir. 2019) (en banc) ...................................... 7, 8

*Cedar Point Nursery v. Hassid*,
   141 S. Ct. 2063 (2021) ................................................................... 5

*Clayland Farm Enters., LLC v. Talbot County, Maryland*,
   987 F.3d 346 (4th Cir. 2021) .......................................................... 2

*County of Butler v. Governor of Pennsylvania*,
   8 F.4th 226 (3d Cir. 2021) ............................................................. 2

*Diffenderfer v. Cent. Baptist Church of Miami*,
   404 U.S. 412 (1972) ....................................................................... 6

*Duke Power Co. v. Carolina Env't Study Grp., Inc.*,
   438 U.S. 59 ..................................................................................... 6

*E. Enters. v. Apfel*,
   524 U.S. 498 (1998) ....................................................................... 6

*Ex parte Young*,
   209 U.S. 123 (1908) ....................................................................... 1

*Green v. Mansour*,
   474 U.S. 64 (1985) ......................................................................... 3

*Heights Apts., LLC v. Walz*,
  30 F.4th 720 (8th Cir. 2022) ............................................................. 5

*Jevons v. Inslee*,
  No. 20-cv-3182-SAB,
  2021 WL 4443084 (E.D. Wash. Sept. 21, 2011) ........................... 4

*Johnson v. Governor of New Jersey*,
  No. 21-1795, 2022 WL 767035 (3d Cir. Mar. 14, 2022) ............... 5

*Ladd v. Marchbanks*,
  971 F.3d 574 (6th Cir. 2020) ........................................................... 3

*Lighthouse Fellowship Church v. Northam*,
  20 F.4th 157 (4th Cir. 2021) ........................................................... 9

*MetroPCS California, LLC v. Picker*,
  970 F.3d 1106 (9th Cir. 2020) ................................................... 9, 10

*N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*,
  140 S. Ct. 1525 (2020) (per curiam) .............................................. 6

*Protectmarriage.com-Yes on 8 v. Bowen*,
  752 F.3d 827 (9th Cir. 2014) ......................................................... 10

*Ruckelshaus v. Monsanto Co.*,
  467 U.S. 986 (1984) ......................................................................... 6

*Trump v. Hawai'i*,
  138 S. Ct. 377 (2017) ....................................................................... 6

*Verizon Md., Inc. v. Public Service Comm'n of Md.*,
  535 U.S. 635 (2002) ......................................................................... 1

*Williams v. Utah Dep't of Corr.*,
  928 F.3d 1209 (10th Cir. 2019) ....................................................... 3

*Zito v. N.C. Coastal Res. Comm'n*,
  8 F.4th 281 (4th Cir. 2021) ............................................................. 2

<u>Statutes</u>

Wash. Rev. Code § 59.18.280 ........................................................... 11

<u>Constitutional Provisions</u>

U.S. Const. amend V.......................................................................... 2, 4

U.S. Const. art. I, § 10...................................................................... 3

<u>Other Authorities</u>

Engrossed Second Substitute Senate Bill 5160, 67th Leg., Reg. Sess.
   (Wash. 2021), *enacted as* 2021 Wash. Sess. Laws, ch. 115 .................. passim

Wash. Office of the Governor, Proclamation 20-19
   (Mar. 18, 2020).......................................................................... passim

Wash. Office of the Governor, Proclamation 20-19.6
   (Mar. 18, 2021).......................................................................... 1, 11

Wash. Office of the Governor, Proclamation 21-09
   (June 9, 2021) ............................................................................. 8

Wash. Office of the Governor, Proclamation 21-09.1
   (Sept. 24, 2021) .......................................................................... 8

# I.    INTRODUCTION

Plaintiffs-Appellants (the Landlords) seek prospective equitable relief against a temporary eviction moratorium that ended over ten months ago and has been replaced by a new, and unchallenged, statutory system. They ask the Court to declare Proclamation 20-19 unconstitutional and permanently enjoin the Governor and Attorney General from enforcing it. But because the Proclamation is no longer in effect, there is no meaningful relief this Court can grant the Landlords. The Court should dismiss this appeal as moot.

# II.    ARGUMENT

## A.    The Landlords' Claims are Moot

The Landlords' challenge to Proclamation 20-19 seeks only prospective relief—declaratory relief that the Proclamation is null and void because it is unconstitutional and an injunction to stop the Proclamation's enforcement.[1] *See Jevons v. Inslee*, No. 20-cv-3182-SAB, ECF No. 27 ¶¶ 11-12, 32, 34, 64, 82, pp. 40-41. But Proclamation 20-19 ended on its own terms and by the terms of Engrossed Second Substitute Senate Bill (E2SSB) 5160. *See* Procl. 20-19.6 at 4;

---

[1] This equitable prospective relief is in line with *Ex parte Young*, 209 U.S. 123 (1908). *Verizon Md., Inc. v. Public Service Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (cleaned up).

E2SSB 5160, 67th Leg., Reg. Sess. (Wash. 2021), *enacted as* 2021 Wash. Sess. Laws, ch. 115. So where, as here, a lawsuit seeks only prospective relief the appeal should be dismissed as moot if the challenged law is terminated. *See, e.g.*, *Clayland Farm Enters., LLC v. Talbot County, Maryland*, 987 F.3d 346, 358 (4th Cir. 2021) (requested declaratory judgment would constitute an advisory opinion where claims sought "prospective equitable relief on laws . . . no longer . . . in effect"); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 232 (3d Cir. 2021) (dismissing as moot challenges to expired COVID-19 orders).

The Landlords contend that their Takings Clause claim remains live because "it would clarify and settle the legal relations between the parties as to whether compensation is required." DktEntry 7 (Resp.) at 11.[2] But the Landlords do not seek damages, nominal or otherwise, and admit that "no award from the court was yet sought." *Id.* at 12. Nor could they; as numerous courts have held, a state's sovereign immunity bars Takings Clause claims for damages in federal court.[3] *Zito v. N.C. Coastal Res. Comm'n*, 8 F.4th 281, 286-87 (4th Cir. 2021);

---

[2] Cites to briefs use internal page numbering.

[3] The Landlords' attempt to sidestep the State's sovereign immunity for relief it never sought is wishful thinking at best. *See* Resp. at 18 (arguing that Landlords "can obtain [compensation] from the State because the State is likely to honor" a declaratory judgment).

2

*Ladd v. Marchbanks*, 971 F.3d 574, 579 (6th Cir. 2020); *Bay Point Props., Inc. v. Miss. Transp. Comm'n*, 937 F.3d 454, 456-57 (5th Cir. 2019); *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019). Critically, the Supreme Court has made clear that a request for a declaratory judgment as to an alleged *past* violation cannot establish a case or controversy to avoid mootness. *Green v. Mansour*, 474 U.S. 64, 73 (1985) (explaining "the impropriety of the issuance of a declaratory judgment" when "[t]here is no claimed continuing violation of federal law, and therefore no occasion to issue an injunction[ ]" and though there was a "dispute about the lawfulness of respondent's past actions, . . . the Eleventh Amendment would prohibit the award of money damages or restitution if that dispute were resolved in favor of petitioners").

With the Contracts Clause claim, the Landlords' only claimed interest is in knowing if the State could undertake the actions it did. *See* Resp. at 27. Under both claims, there is no asserted "continuing violation of federal law," *Green*, 474 U.S. at 73, making declaratory relief inappropriate and this case moot.

The Landlords devote many words criticizing the district court's alternative holding that declaratory relief was not available for their Takings

Clause claim.[4] Resp. at 13-18. But this is a red herring. The issue on the instant motion to dismiss is whether the issues presented to the Court are "live" for purposes of Article III. Because the Court cannot grant the prospective relief the Landlords seek, the appeal is moot.

Tellingly, the Landlords do not address cases from sister courts that have dismissed appeals for challenges to expired or terminated eviction moratoriums. In those cases, housing providers sought prospective relief under similar theories, including the Takings Clause, but intervening changes such as the expiration of the moratoriums or the intervening passage of legislation mooted the cases on appeal. For example, in *36 Apartment Associates, LLC v. Cuomo*, 860 F. App'x 215 (2d Cir. 2021) (summary order), the Second Circuit dismissed an appeal by residential landlords who sought to enjoin New York's eviction moratorium. *Id.* at 216-17. The court disagreed with the landlords' contention that the governor would reinstate the challenged restrictions. *See id.* at 217. Instead, the court explained that the challenged order was moot because the provisions "expired by their own terms" and because of "the intervening passage

---

[4] The district court went on to hold that even if declaratory relief was available, the eviction moratorium did not constitute a *per se* physical taking. *Jevons v. Inslee*, No. 20-cv-3182-SAB, 2021 WL 4443084, at *13 (E.D. Wash. Sept. 21, 2011).

of legislation," there was no reasonable expectation of reinstatement. *Id.*; *see also Heights Apts., LLC v. Walz*, 30 F.4th 720, 726 (8th Cir. 2022) (holding property owner's challenge to the voided executive orders (EOs), which placed a moratorium on residential evictions, were "moot to the extent [plaintiff sought] to enjoin the EOs and declare them invalid because there is no longer a live controversy since the EOs have been superseded by statute[]"); *Johnson v. Governor of New Jersey*, No. 21-1795, 2022 WL 767035, at *2-3 (3d Cir. Mar. 14, 2022) (not precedential) (dismissing as moot challenge to executive order suspending procedures governing use of security deposits where the order "expired by its own predetermined terms and not as a response to the litigation[]").

Instead of confronting these apt cases, the Landlords rely on cases where the Supreme Court considered requests for declaratory relief for alleged takings. Resp. at 17-18. But none of these cases are germane to the mootness issue presently before the Court. Those cases all involved challenges to *operative* laws—not ones that expired or were rescinded. So the Supreme Court had no occasion to consider whether the declaratory relief sought under those challenges were moot. *See Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2070 (2021) (employers sought declaratory and injunctive relief prohibiting a state board

from enforcing an access regulation against them); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 998 (1984) (applicant brought suit seeking injunctive and declaratory relief from operation of certain provisions of a federal law); *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 71 n.15 (1978) (company sought "declaration of the constitutionality of the disputed governmental action before potentially uncompensable damages [were] sustained"); *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998) (coal operator sought a declaration that the law violated the Constitution and an injunction against enforcement of the act).

Those cases do not refute the general principle that challenges seeking prospective declaratory or injunctive relief against an expired or terminated order are moot. *See Diffenderfer v. Cent. Baptist Church of Miami*, 404 U.S. 412, 414-15 (1972) (case was moot and declaratory relief and injunction "inappropriate" where law was no longer in effect); *Trump v. Hawai'i*, 138 S. Ct. 377 (2017) ("Because those provisions of the Executive Order have expired by their own terms, the appeal no longer presents a live case or controversy.") (cleaned up); *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (claims for declaratory and injunctive relief with respect to prior rule were moot).

## B.  No Exception to Mootness Applies

This appeal does not fall within the exceptions to mootness for voluntary cessation or for actions capable of repetition, yet evading review.

As to voluntary cessation, the Landlords ignore Circuit precedent that treats government actions differently from the voluntary cessation of challenged acts by a private party. Resp. at 19; *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (en banc) ("[W]e treat the voluntary cessation of challenged conduct by government officials with more solicitude than similar action by private parties.") (cleaned up). Instead, the Landlords attempt to cabin *Chambers* by contending that it does not apply because "there is no ruling that the proclamations are illegal . . . ." Resp. at 20. But *Chambers* did not limit its solicitude to legislative actions that were previously struck down. Instead, the Court explained:

> [W]e should assume that a legislative body is acting in good faith in repealing or amending a challenged legislative provision, or in allowing it to expire. Therefore, in determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it.

941 F.3d at 1199. Here, two government actions warrant the presumption of mootness: The Governor allowed the Proclamation to expire and the Legislature enacted E2SSB 5160. *See* DktEntry 6 (Mot.) at 15-18.

The Landlords point to Proclamation 21-09 to argue that the Governor extended the eviction moratorium for several months after it ended. Resp. at 21. But the differences between Proclamation 21-09 and Proclamation 20-19 are differences not of degree, but of kind. *See* Mot. at 6-7. Proclamation 21-09 required landlords (1) to engage in county-level dispute-resolution with their tenants and (2) to allow their tenants to pursue rental assistance programs that may cover back rent. Procl. 21-09.1 at 4-6. Proclamation 21-09 ensured landlords would respect the protections of E2SSB 5160, even if that meant waiting until programs contemplated by E2SSB 5160 were operationalized in their respective counties.

The Landlords' assertion that, if COVID-19 cases increase, the Governor would reissue a similar Proclamation is purely speculative and belied by the reality of the past several months. The Governor issued Proclamation 20-19 in response to a once-in-a-century pandemic and the economic dislocations related to it. The Governor's decision to let the challenged eviction moratorium expire in June 2021 and the Legislature's enactment of E2SSB 5160 occurred before

the surges in the pandemic attributable to the highly infectious Delta and Omicron variants. Even during the heights of Delta and Omicron, the Governor did not reinstitute the Proclamation. The Landlords ignore that the conditions of the pandemic today—where vaccines are widely available, anti-viral drugs to treat COVID-19 exist, and rental assistance measures from the federal government and State are in place—are very different from those at the outset of the pandemic. *See Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 164 (4th Cir. 2021). Any suggestion that the Governor might one day reenact Proclamation 20-19 does not present the live dispute necessary for this appeal to proceed.

The Landlords attempt to analogize this case to *MetroPCS California, LLC v. Picker*, 970 F.3d 1106 (9th Cir. 2020), but the circumstances that avoided mootness there do not apply here. The Court explained that, in general, "the expiration of challenged legislation renders a case moot." *Id.* at 1116 (cleaned up). But a case challenging expired legislation remains justiciable where a litigant faced ongoing civil or criminal liability for past violations of the law. *Id.* In *MetroPCS*, both parties agreed that, if the district court decision was reversed, the commission's intent to pursue enforcement would prevent the case from

becoming moot. *Id.* at 1116-17. By contrast here, the Landlords point to no "ongoing civil and criminal ramifications" of any past conduct. *Id.* at 1116.

Additionally, the challenged Proclamation is not capable of repetition, yet evading review. There is no basis to conclude Proclamation 20-19 is capable of repetition—given its expiration on its own terms, the subsequent passage of E2SSB 5160, and the now-existing tools to control the COVID-19 pandemic. Additionally, Proclamation 20-19 was not so short as to evade review. The Proclamation lasted more than 15 months. Yet the Landlords did not seek any temporary or preliminary relief, and the Proclamation stood long enough for a federal district court to review—and roundly reject—their claims with a full evidentiary record. This provides a sufficient basis to reject application of the "capable of repetition yet evading review" exception. *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 837 (9th Cir. 2014) ("A party may not profit from the capable of repetition, yet evading review exception where through his own failure to seek and obtain prompt relief he has prevented an appellate court from reviewing the trial court's decision.") (cleaned up); *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018) (plaintiff did not carry burden to show that the claim evades review because "[a] party seeking to establish that time is

too short to litigate a claim must take advantage of legal avenues that would allow for litigation within the necessary time constraints[ ]").

**C.     The Landlords Misstate the Effects of Proclamation 20-19 and Engrossed Second Substitute Senate Bill 5160**

Finally, the Landlords' inaccurate descriptions of the effects of Proclamation 20-19 and E2SSB 5160 bear correction.

The Landlords argue they are currently prohibited from being able to use tenants' security deposits to cover unpaid rent or late fees. Resp. at 5-6. While the Proclamation did temporarily prohibit landlords from withholding security deposits in order to treat unpaid rent as enforceable debt, Procl. 20-19.6 at 6, the Proclamation is no longer operative, *id.* at 4. And nothing in E2SSB 5160 or the law relating to money paid by tenants as security for performance preclude the Landlords from withholding tenants' security deposits in whole or in part to cover unpaid rent. *See generally* E2SSB 5160; Wash. Rev. Code § 59.18.280.

The Landlords also contend that the debts of tenants, whose incomes were too high to qualify for certain rental assistance programs, cannot currently be treated as enforceable debt. Resp. at 6-7. E2SSB 5160 does not prohibit the Landlords from doing so. Instead, E2SSB 5160 requires that if a tenant has remaining unpaid rent that accrued between March 1, 2020, and the end of the public health emergency, a landlord must offer that tenant a reasonable plan for

rent repayment whose monthly payments cannot exceed one-third of the monthly rent during the period of nonpayment. E2SSB 5160, § 4. But if that tenant "fails to accept the terms of a reasonable repayment plan within 14 days of the landlord's offer," the landlord may pursue an unlawful detainer action, subject to any requirements of the eviction resolution pilot program. *Id.*

Finally, the Landlords assert that, for tenants who moved out, the Landlords had "no opportunity to resolve nonpayment of rent with a rental assistance program because those programs are designed to keep tenants in their existing tenancies." Resp. at 8. This statement ignores the State's landlord mitigation program, which provides up to $15,000 in unpaid rent that accrued between March 1, 2020, and December 31, 2021 when a tenant being low-income, limited resourced, or experiencing hardship, voluntarily vacated or abandoned the tenancy. *See* E2SSB 5160, § 5.

### III.   CONCLUSION

The Landlords cannot obtain the prospective equitable relief they seek against Proclamation 20-19. The Court should dismiss this appeal as moot.

RESPECTFULLY SUBMITTED this 2nd day of May 2022.

ROBERT W. FERGUSON
Attorney General

*/s/ Cristina Sepe*
CRISTINA SEPE, WSBA #53609
BRIAN H. ROWE, WSBA #56817
Assistant Attorneys General
JEFFREY T. EVEN, WSBA #20367
Deputy Solicitor General
800 5th Avenue, Ste. 2000
Seattle, WA 98104
(206) 474-7744
Cristina.Sepe@atg.wa.gov
Brian.Rowe@atg.wa.gov
Jeffrey.Even@atg.wa.gov

*Attorneys for State Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Federal Rule of Appellate Procedure 27(d), the

attached brief is proportionately spaced, has a typeface of 14 points or more, and

contains 2,596 words, excluding the items exempted.


*/s/ Cristina Sepe*
CRISTINA SEPE, WSBA #53609
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I electronically filed a true and correct copy of the foregoing document on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 2nd day of May 2022, at Olympia, Washington.

*/s/ Cristina Sepe*
CRISTINA SEPE, WSBA #53609
Assistant Attorney General