

# Bob Ferguson
## ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 • Olympia, WA 98504-0100 • (360) 753-6200

March 10, 2023

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** *Jevons v. Inslee*, No. 22-35050
Fed. R. App. P. 28(j) Letter

Dear Ms. Dwyer:

Defendants-Appellees write to notify the Court of two decisions: *Community Housing Improvement Program v. City of New York*, 59 F.4th 540 (2d Cir. 2023), and *74 Pinehurst LLC v. New York*, 59 F.4th 557 (2d Cir. 2023). In both cases, the Second Circuit rejected physical takings challenges to a rent-stabilization law that "requires [landlords] to offer tenants renewal leases, interferes with their ability to evict tenants and reclaim units for personal use, and allows tenancies to be transferred to successors." *Cmty. Hous.*, 59 F.4th at 552.

*74 Pinehurst* is pertinent because it held that retrospective relief against state officials is unavailable under the Eleventh Amendment. 59 F.4th at 570. Appellants here attempt to save their claims from mootness by recasting their requested relief as retrospective. Reply Br. at 3 ("[T]he Owners seek retrospective relief – they ask this Court to declare that the State effected a temporary taking and unconstitutionally interfered with their contractual rights *in the past*."); *see also* DktEntry: 33. But the Eleventh Amendment bars such requests for retrospective relief. *See 74 Pinehurst*, 59 F.4th at 570; *id.* n.7 (collecting cases, including *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008)); *see also Lund v. Cowan*, 5 F.4th 964,

ATTORNEY GENERAL OF WASHINGTON

Molly Dwyer, Clerk of the Court
Page 2

969 (9th Cir. 2021) ("The Eleventh Amendment does not permit retrospective declaratory relief."). This case is moot.

The two decisions also determined that *Yee v. City of Escondido*, 503 U.S. 519 (1992), controlled: "As the Supreme Court made pellucid in *Yee*, when . . . 'a landowner decides to rent his land to tenants' the States 'have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails.'" *Cmty. Hous.*, 59 F.4th at 551 (quoting *Yee*, 503 U.S. at 528-29); *accord 74 Pinehurst*, 59 F.4th at 563; *see* Answering Br. at 35-40. Like the landlords in *Community Housing* and *74 Pinehurst*, Appellants "*voluntarily* invite[d] third parties to use their properties," making *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), distinguishable. *74 Pinehurst*, 59 F.4th at 563. The Moratorium did not effect a physical taking.

Respectfully submitted,

*s/ Cristina Sepe*
CRISTINA SEPE, WSBA #53609
Deputy Solicitor General
*Counsel for Defendants-Appellees*