

2775 Harbor Ave. SW | 3rd Floor, Suite C | Seattle, WA 98126 | 206.574.6661 | 206.575.1397 Fax

March 14, 2023

Molly C. Dwyer, Clerk
U.S. Court of Appeals
Ninth Circuit
PO Box 193939
San Francisco, CA 94119-3939

In re: *Enrique Jevons, et al. v. Jay Inslee, et al.*
Ninth Circuit Cause No. 22-35050

Dear Clerk Dwyer:

The State's latest letter cites *Community Housing Improvement Program v. City of New York*, 59 F.4th 540 (2d Cir. 2023) and *74 Pinehurst LLC v. New York*, 59 F.4th 557 (2d Cir. 2023), as purported additional relevant authorities. They are not relevant. Those cases concern typical regulation of a landlord/tenant business relationship, mandating renewal leases and transfer of leaseholds to successors. Neither case involved a blanket eviction moratorium, even for nonpayment of rent, in response to a public health crisis.

As discussed in the Owners' reply brief, regulation of a business relationship is generally permissible, but forcing landlords to house citizens in a time of crisis, without payment of rent or interest that accrues on unpaid rent, is a compensable taking. *Armstrong v. United States*, 364 U.S. 40, 49 (1960) (materialmen chose to furnish materials to a private company to build boats with the expectation of payment, and they were owed just compensation when the Navy conscripted the boats for public service without paying the materialmen); *Owens v. Layton*, 233 P. 645, 645 (Wash. 1925) ("[r]ent is an incident of a tenancy," and any tenants holding over on a property without paying rent are "trespassers."). The Takings Clause "bar[s] Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong*, *supra*.

This logic guided the Supreme Court in striking down the federal eviction moratorium that exceeded lawful governmental powers. *Alabama Ass'n of Realtors v. Dep't of Health & Human Servs.*, 141 S. Ct. 2485, 2489–90 (2021) ("[P]reventing [landlords] from evicting tenants who breach their leases intrudes on one of the most fundamental elements of property ownership—the right to exclude").

The State is also wrong to continue to harp on justiciability or immunity, where the Takings Clause clearly can require just compensation for a temporary taking that has since ended. *E.g.*, *United States v. General Motors Corp.*, 323 U.S. 373, 382 (1945). This includes actions against state officials for identical conduct alleged here. *Heights Apartments, LLC v. Walz*, 30 F.4th 720 (8th Cir. 2022).

        Very Truly Yours,

        /s/ Philip A. Talmadge

Word Count: (FRAP 28(j); 9th Cir. R. 28-6)

cc: parties of record