**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE JEVONS, as a managing member of Jevons Properties LLC; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JAY INSLEE, in his official capacity of the Governor of the State of Washington; ROBERT FERGUSON, in his official capacity of the Attorney General of the State of Washington, <br><br> Defendants-Appellees. | No. 22-35050 <br><br> D.C. No. 1:20-cv-03182-SAB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted April 10, 2023
Seattle, Washington

Before: BYBEE and FORREST, Circuit Judges, and GORDON,** District Judge.

Plaintiffs are rental property owners who challenged the constitutionality of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Washington State Governor Jay Inslee's state-wide moratorium on residential evictions related to the COVID-19 pandemic. The district court granted summary judgment in favor of Governor Inslee and Washington Attorney General Robert Ferguson, rejecting Plaintiffs' claims. On appeal, Plaintiffs challenge only the district court's rejection of their claim for a declaratory judgment that the eviction moratorium violated the Takings and Contracts Clauses of the U.S Constitution.[1] We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand with instructions for the district court to dismiss this case as moot.

The eviction moratorium that Plaintiffs challenge—Proclamation 21-19—expired in June 2021,[2] and Governor Inslee's "Bridge Proclamation" expired in October 2021.[3] Governor Inslee terminated Washington's COVID-19 state of emergency, and all other related emergency proclamations, in October 2022.[4] In Plaintiffs' own words, they seek purely retrospective declaratory relief, *i.e.*, a

---

[1] Plaintiffs did not appeal the district court's rejection of their Fourteenth Amendment Due Process Clause, Washington Takings Clause, or injunctive relief claims. Any challenge related to these claims is therefore forfeited. *See Jones v. Allison*, 9 F.4th 1136, 1139 n.6 (9th Cir. 2021).

[2] Wash. Office of the Governor, *Proclamation 20-19.6* (March 18, 2021), https://governor.wa.gov/sites/default/files/proclamations/proc_20-19.6.pdf.

[3] Wash. Office of the Governor, *Proclamation 21-09.2* (Sept. 30, 2021), https://governor.wa.gov/sites/default/files/2023-01/21-09.2%20%20-%20COVID-19%20Eviction%20bridge%20transition%20Ext%20%28tmp%29.pdf.

[4] *See* Wash. Office of the Governor, *Proclamation 20-05.1* (Oct. 28, 2022), https://www.governor.wa.gov/sites/default/files/proclamations/20-05.1_%20Coronavirus%20RESCISSION_%28tmp%29.pdf.

declaration that Defendants "effected a temporary taking and unconstitutionally interfered with their contractual rights *in the past*."

The mootness doctrine, "which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 862 (9th Cir. 2017) (citation omitted). The test for determining whether a claim for declaratory relief is moot is whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007) (citation omitted).

"[A] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Bayer*, 861 F.3d at 868. Thus, this case is moot because the challenged activity—the eviction moratorium—has expired and no longer has a "continuing and brooding presence" that would have "a substantial adverse effect" on Plaintiffs. *See id.* at 867 (quoting *Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1098–99 (9th Cir. 2001)); *see also Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (en banc) (holding that claims for declaratory and injunctive relief against the California Governor's COVID-19 school-closure orders were moot after rescission of those orders). Without a live controversy for us to resolve, a bare

3

declaratory judgment that Defendants violated the Constitution *in the past* would amount to an impermissible advisory opinion. *See City & Cnty. of S.F. v. Garland*, 42 F.4th 1078, 1087 (9th Cir. 2022) ("What makes a declaratory judgment a proper judicial resolution of a 'case or controversy' rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant towards the plaintiff." (cleaned up)).

We are unpersuaded by Plaintiffs' arguments that we may issue a declaratory judgment to "determine whether a constitutional violation occurred," with "the remedy [to] be fixed later."[5] The Supreme Court cases that Plaintiffs rely on for this proposition, such as *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), are inapposite because they involved challenges to *operative* laws. And although Plaintiffs are correct that the Declaratory Judgment Act allows a party to seek "[f]urther necessary or proper relief based on a declaratory judgment," 28 U.S.C. § 2202, the statute merely provides an additional remedy in federal court; it cannot override the mootness doctrine. *See City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010).

Plaintiffs indicated they seek to use a declaratory judgment that a

---

[5]Plaintiffs do not meaningfully address whether either of the recognized exceptions to the mootness doctrine—"voluntary cessation" and "capable of repetition yet evading review"—apply. We find these exceptions inapplicable for the same reasons articulated in *Brach*. 38 F.4th at 11–12.

constitutional violation occurred to later secure just compensation or damages in state court. The issuance of a declaratory judgment for such a purpose is barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 72–73 (1985); *Native Vill. of Venetie I.R.A. Council v. Alaska*, 944 F.2d 548, 552 (9th Cir. 1991) ("[D]eclaratory relief is not available if its sole efficacy would be as res judicata in a subsequent state court action for retroactive damages or restitution."); *see also Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment does not permit retrospective declaratory relief.").

**VACATED** and **REMANDED.**